CASANUEVA, Judge.
John J. Buehler, Jr. sued LTI International, Inc., a closely-held corporation, alleging a breach of contract due to the failure to pay him a finder’s fee for obtaining purchasers of LTI stock. LTI counterclaimed seeking “damages” arising from Mr. Buehler’s failure to register as a dealer of securities under chapter 517, Florida Statutes (1995), the Florida Securities and Investor Protection Act, although the only alleged damages were LTI’s attorney’s fees. Mr. Buehler contends that the trial court erred by entering a final summary judgment on his suit in favor of LTI, and, second, that it erred in granting LTI’s counterclaim by awarding an attorney’s fee of $36,035. We conclude that his first contention is without merit and affirm the summary final judgment against him. See Edwards v. Trulis, 212 So.2d 893 (Fla. 1st DCA 1968) (holding that contract providing for commission for sale of stock by person who failed to register as dealer or salesman pursuant to statute was contrary *531 to public policy, void ab initio, and unenforceable). However, we find merit in his second contention, conclude that section 517.211(6) is not involved in LTI’s counterclaim, despite LTI’s seeking only attorney’s fees clothed as “damages,” and reverse the attorney’s fee award.
In its amended counterclaim, LTI asserted damages arising from Mr. Buehler’s failure to register as a dealer of securities while ostensibly acting under an alleged oral contract with LTI.[1] LTI sought relief from this conduct through an award of attorney’s fees pursuant to section 517.211(6). This section[2] states that “[i]n an action brought under this section, the court shall award reasonable attorney’s fees to the prevailing party unless the court finds that the award of such fees would be unjust.” It is undisputed that Mr. Buehler had never registered with the Department of Banking and Finance, the governmental agency that regulates securities’ dealers, either before, during, or after his activities with LTI or potential investors. However, LTI neither pleaded nor offered proof that it purchased securities from Mr. Buehler. Thus, LTI’s counterclaim was not “brought under” section 517.211, and the language of section 517.211(6) mandating attorney’s fees to the prevailing party is not applicable.
LTI also argues it is entitled to its attorney’s fees on the basis of Skurnick v. Ainsworth, 591 So.2d 904 (Fla.1991) (answering a certified question that a New York securities dealer, who otherwise had no contacts with Florida and who dealt with his Florida client only by mail, was required to be registered in accordance with section 517.12; and interpreting the interplay between sections 517.12 and 517.211). We find that Skumick provides LTI with no such support. Skumick states: “The intent of section 517.12 is to protect purchasers and, if that section has been violated, damages are automatic in accordance with the provision of section *532 517.211.” 591 So.2d at 906. It is undisputed that LTI made no purchases of securities from Mr. Buehler, although other persons, on Mr. Buehler’s urging, may have invested directly in LTI. Thus, LTI is not a member of a class of persons— purchasers of securities — that section 517.12 seeks to protect. See Palmer v. Shearson Lehman Hutton, Inc., 622 So.2d 1085 (Fla. 1st DCA 1993). Because LTI is not a purchaser of a security from Mr. Buehler, who admittedly was not a registered dealer, it cannot avail itself of the remedy provided in section 517.211.
We find that Citizens Federal Savings and Loan Ass’n of St. Lucie County v. Loeb Rhoades, Hornblower & Co., 473 So.2d 679, 682 (Fla. 4th DCA 1984), is more applicable to LTI’s situation. Citizens Federal dealt with a complex case with intertwining issues of securities violations and breach of contract claims. It found that a prevailing counterclaimant was not entitled to section 517.211 fees because chapter 517 was not involved in the counterclaim on which that party prevailed. Id. at 682. LTI is in the same situation as the counterclaimant in Citizens Federal and is equally not entitled to fees pursuant to chapter 517.
Finally, we observe that if Mr. Buehler transgressed by failing to register with the Department, the appropriate remedy is administrative and for the Department to pursue.[3]'
Affirmed in part; reversed in part with directions to strike and set aside the judgment for attorney’s fees.
WHATLEY, A.C.J., and DAVIS, J., Concur.

.The counterclaim asserted the following:
1. This is an action for damages under the Florida Securities and Investor Protection Act, Fla. Stat. § 517.01, et seq.
2. LTI is a Florida corporation with its principal place of business in Florida.
3. BUEHLER is an individual residing in Collier County, Florida.
4. In attempting to enter into the alleged oral agreement with LTI described in his complaint, whereby BUEHLER would market the sale of shares in LTI stock to potential investors in exchange for a commission in the form of LTI stock, BUEHLER has misrepresented his securities registration status and has alleged facts, which, if true, result in violations by him of the Florida Securities and Investor Protection Act, Fla. Stat. § 517.01, et seq.
5. Under Fla. Stat. § 517.12, dealers, associated persons, investment advisors, and branch offices must be registered with the Florida Division of Securities and Investor Protection, Department of Banking and Finance of the State of Florida. BUEHLER has never been registered with this Division. A copy of a Certificate of Nonregis-tration issued by the Florida Division of Securities and Investor Protection, dated April 1, 1997, is attached as exhibit "A.”
6. If the allegations in his Complaint are true, BUEHLER has violated the provisions of Fla. Stat. § 517.12 by acting as a broker or principal in the business of offering, buying, selling, or otherwise dealing or trading in securities issued by LTI without complying with the state registration requirements of Fla. Stat. § 517.12. As a result of BUEH-LER’S actions, LTI has been damaged.
7. BUEHLER has filed his complaint against LTI without legal or factual basis of any kind. As a result, LTI has been forced to retain the undersigned firm of attorneys to represent it in these frivolous proceedings.
8. Fla. Stat. § 517.211(6) states that in an action brought under the Florida Securities and Investor Protection Act, Fla. Stat. § 517.01 et seq., the court must award reasonable attorney’s fees to the prevailing party unless the court finds that the award of such fees would be unjust.
9. Pursuant to Fla. Stat. § 517.211(6), LTI is entitled to an award of its reasonable costs and attorneys' fees against BUEHLER.

. Section 517.211 is titled “Remedies available in cases of unlawful sale.” The section lays out the remedies for plaintiffs who purchased from sellers who violate section 517.07 (Registration of securities), section 517.12 (Registration of dealers, associated persons, investment advisers, and branch offices), or section 517.301 (Fraudulent transactions; falsification or concealment of facts).

. We make no comment on the request for fees contained in LTI’s answer to the complaint as the appellate record does not indicate that trial court addressed that issue, nor was the issue argued to us.